CALDAS & Co. in Liquidation *v.* GARCÍA.

APPEAL from the District Court of San Juan.

No. 15.—Decided May 19, 1905.

OBLIGATIONS—NOVATION.—In order that the novation of an obligation may take place, it is necessary that one of the conditions required by section 1171 of the Civil Code should exist.

CONTRACTS—INTENTION OF THE PARTIES.—In order to determine the intention of the contracting parties it is necessary that their acts at the time of the execution of the contract, as well as their subsequent acts, be taken into consideration.

ID.—EXTINGUISHMENT OF OBLIGATION—EVIDENCE.—The burden is on ·the party alleging the payment or the novation of an obligation in order to maintain that the same has been satisfied or extinguished to prove such allegation.

The facts are stated in the opinion.

*Mr. José Guzmán Benítez,* for appellant.

*Mr. Bosch,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of San Juan. Gervasio García was indebted to Caldas & Company in Liquidation. As shown by the record the following correspondence took place between the parties about this indebtedness.

In a letter written on the 26th of January, 1901, by Caldas & Co. to Gervasio García the following language is used:

"We are in receipt of your favor of the 12th instant, the contents of which we have duly noted.

"We note what you say, and although at present we need the money to meet many debts, in view of the kindly relations existing between us, we accept, in your behalf, the offer which you make us of the bonds of that municipality; but, of course, you are to make an effort to convert them into cash, as no one could attend to the matter better than you, as you are connected with the municipal government; and as they are converted into cash you may make payments on your account until the same is paid. However, if during the time employed by you in selling the bonds you can occasionally make payments in cash, then it will be so much better, in which case, as you know, the less you will have to pay when the bonds are converted into cash."

On the 2d of February, 1901, Caldas & Co. wrote the following letter to Gervasio García:

"We are in receipt of your kind favor of the 31st ultimo, contents of which are duly noted.

"Our friend Don José R. Santiago, bearer of the same, handed us

the sum of $4.42 American gold, which we have credited to your account.

"He also handed us the 92 bonds of $10 each Provincial money, to which you refer.

"From your letter it is evident that you have failed to understand the contents of our letter of the 26th of January. If you will carefully read the same, you will see that we said we would accept the bonds of that municipality, but that you should convert them into cash, as you were in a good position to do so, in view of your connection with that corporation, and that as they were so converted we would credit them to your account.

"So that the 92 bonds which you have sent us it is your place to try and convert into cash, and as this is done, we will credit them to your account until the same is paid in full.

"However, if during the time employed in selling them you find it possible to make payments on your account in money, then it will be better for us, and you will have less to pay when the bonds are all converted into cash.

"We believe that with this explanation you will understand our wishes in the matter, and therefore the bonds which you have sent us will be credited to your account as fast as they are converted into cash, you effecting the conversion."

The following. is a letter written on the 20th of December, 1902, by Caldas & Co. to Gervasio García:

"The collection of our outstanding accounts being urgently necessary in view of the fact that this firm is in liquidation, we would thank you to remit us the amount you owe by the end of this month."

On the 31st of December, 1902, García wrote Caldas & Co. the following letter:

"I am in receipt of your favor, and having noted the contents of the same, am sorry to advise you that in the month of January of last year, my affairs being in bad shape, I said to a member of your firm, Mr. Francisco Caldas, that I had an amount in bonds of this municipality; this friend knowing and studying the matter, agreed with me that I might remit the balance of the account which I owed you in the said bonds, which I did remit by Mr. José R. Santiago on the 1st of February of the same year, making the remittance in the following

manner: 92 bonds at $10 Provincial money, $920, reduced to American gold, $552, and in cash in the same kind of money $4.42=$556.42, which was the balance which according to account I owed you; if I could convert these bonds 1 would do so, and believe me I am doing all I can to comply with your wishes in the matter."

The following letter was written on the 12th of March, 1902, by Caldas & Co. to Gervasio García:

"As the liquidation of the affairs of this company is about to be terminated, and it being absolutely necessary in some way satisfactorily to arrange the matter of our account with you, either by the conversion into cash of the bonds which as a guarantee we have in our possession, or in any other manner agreeable to you and to us, we would thank you if you would come as soon as possible to this place, in order that we may reach a settlement personally."

On the 16th of March, 1903, Gervasio García wrote to Caldas & Co in the following terms:

"I received your kind favor, and having duly noted the contents thereof, I have the pleasure to offer you a parcel of land at a reasonable price; it consists of from seventy-three to seventy-five acres, and is situated at fifteen minutes from this city. The land is level, adapted to cane growing, as it is situated near the estate of Sucesión Ríos. If you will accept this land I will take back the bonds; it is impossible for me (to settle) any other way, since I have no money and no way to obtain it."

The appellant turned over to the appellee the ninety-two bonds and the $4.42 referred to in the correspondence. The court below found in favor of the complainant for the sum claimed in the declaration.

The appellant in this court contends that the turning over of these bonds and the money as indicated by the correspondence created a novation. A novation may be created only in the manner set out by section 1171 of the Civil Code, and we cannot see that the appellant has brought himself within any of the provisions of that section. It is true that the first

letter of Caldas & Co. is somewhat ambiguous, but section 1249 of the Civil Code provides that in order to judge as to the intention of the contracting parties attention must be paid to their acts, contemporaneous and subsequent to the contract. And the subsequent acts of the parties bear out the contention of the appellee that the principal debt existing before the aforesaid correspondence began was never extinguished.

Furthermore, if there is any doubt or ambiguity about a payment or a novation, the party who alleges the existence of this manner of extinguishing a debt takes the burden upon himself to show it.

We think it plain from an examination of the case that the court below was not in error in regarding the delivery of the bonds as a guarantee nor in finding the bonds worthless. Neither did the court err in saying that the amount claimed by the plaintiffs, as shown by their books, was not impugned by the defendant.

For these reasons the judgment of the district court must be affirmed with costs.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.